David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

JUDGE PAULEY

10 CIV 8614

RECEIVED
NOV 15 2010
U.S.D.C. S.D.N.Y.
CASHIERS

United States District Court
Southern District of New York

| | |
|---|---|
| Savita Naraine, | ) |
| Plaintiff, | ) |
| - against - | ) Index No.:_____ |
| AAM Holding Corp., 59 Murray Enterprises, Inc., and Jay Jay Cabaret, Inc., | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Introduction**

1.  This is an action for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Wage & Hour Regulations. Plaintiff complains individually and collectively as to her FLSA claim however this is not a class action.

**II.   Parties**

2.  Plaintiff Naraine is a natural person residing in the State of New York, County of Bronx.

3.  Upon information and belief, Defendants AAM Holding Corp., 59 Murray Enterprises, Inc., and Jay Jay Cabaret, Inc. (collectively, the "Employer") are New York

business corporations with principal places of business in the State of New York, County of New York.

### III. Venue & Jurisdiction

4. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that the Defendants each have a continuous and systematic presence in the Southern District of New York.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act.

6. Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

### IV. Background

7. Upon information and belief, the Employer jointly operates businesses known as gentlemens' clubs.

8. The Employer's activities were joint in that the Defendants have common management, ownership and employees. A performer can audition for one Defendant and as a result get employment for a different one.

9. Ms. Naraine was employed by the Employer as a performer sporadically in 2007, 2009, and 2010.

10. Although Ms. Naraine was classified by the Employer as an independent contractor the Employer exercised substantial direction and control over her employment.

11. For example the Employer gave Ms. Naraine instructions as to how she should perform; how she should dress; and how much she could charge customers. In addition the Employer would fine Ms. Naraine if she were late.

12. The Employer failed to pay Ms. Naraine a minimum cash wage for each hour of work. Instead, she was required to pay the Employer to work.

13. Ms. Naraine was employed by the Employer sporadically in 2008, 2009, and 2010.

**V. Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

14. The allegations contained in paragraphs 1 through 13 are incorporated as if restated herein.

15. Plaintiff was an employee of the Employer within the meaning of the Fair Labor Standards Act.

16. Upon information and belief, the Employer was an employer within the meaning of the Fair Labor Standards Act and subject to the same Act.

17. The Employer violated the Fair Labor Standards Act in that it did not pay Plaintiff a proper cash wage for the hours she worked.

<u>Count II: Violation of New York Wage & Hour Law</u>

18. The allegations contained in paragraphs 1 through 17 are incorporated as if restated herein.

19. Ms. Naraine was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

20. The Employer was an employer within the meaning of those same regulations.

21. The Employer violated the above regulations in that it did not pay Ms. Naraine a cash minimum wage for the hours she worked.

22. Further, the Employer's charging and/or fining of money from Ms. Naraine constitutes unlawful tip sharing under the New York Labor Law and/or an unlawful deduction from wages.

WHEREFORE Ms. Naraine demands judgment against the Employer in the amount of her unpaid compensation and overtime, lost wages, together with liquidated and other multiple damages, costs, fees, interest; certifying this matter as a collective action with adequate notice to be supervised by the Court and awarding appropriate relief ; and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
 Attorney for Plaintiff
Naraine

299 Broadway, Suite 1700
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated:   New York, NY
         November 11, 2010